### Warner B. Scribner v. State Highway Board

[333 A.2d 125]

No. 20-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*E. Patrick Burke, Esq.*, of *Ryan, Smith & Carbine*, Rutland, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Richard M. Finn*, Assistant Attorney General, for Defendant.

Keyser, J. The Vermont State Highway Board, by right of eminent domain, took certain land owned by Warner B. Scribner in Panton, Vermont. Dissatisfied with the amount awarded in compensation by the Board, Scribner brought an appeal in Addison County (Superior) Court. After a hearing before the court on the question of compensation, written findings and conclusions were filed and a judgment entered thereon. This appeal by Scribner followed.

The primary contention here is that the lower court's findings of fact are inconsistent with its conclusions and that the judgment therefore cannot stand. Particular emphasis is placed upon the court's findings (1) that "approximately" 4,700 feet of fencing was taken at a replacement cost of "approximately" one dollar per foot, and (2) that acreage comparable to the nine acres taken was selling at between $120.00 and $1,200.00 per acre at the time of taking. Even applying the $120.00 value, Scribner argues, an award of $5,780.00 would be required. Yet the court concluded that the reasonable value of the land taken was $5,250.00, and that the severance damage to land remaining was $500.00. The ultimate determination was that Scribner should recover a total of $5,750.00 This final figure, Scribner maintains, is below that justified by the findings as to the value of the land taken without even considering the $500.00 of severance damages to the land remaining. Moreover, when the severance damages are included, the final award even falls below that justified by the findings using the low $120.00 per acre figure and ascribing no value to 2.8 of the acres taken which were subject to pre-existing road easement.

■ It is apparent from even a cursory examination of the figures set forth above that something was lost in the transition from the findings of fact to the conclusions of law. The end result is inescapable: the conclusions of law and the judgment itself are inconsistent with the other facts found, and reversal is required. *Padova* v. *Padova,* 123 Vt. 125, 183 A.2d 227 (1962).

■ Scribner also attacks as clearly erroneous the lower court's finding that "approximately 4,700 feet" of fencing was taken. He asserts that the only evidence introduced on this issue commands a finding that 4,725 feet of fencing was taken. Part of the problem here stems from the imprecise "approximate" nature of this and other findings of the court below. It will be necessary for more specific findings to be entered upon rehearing; approximations are of little assistance in properly ascertaining money damages. It should be noted also that there was testimony offered at the hearing that 4,700 feet of fencing was taken "more or less". In view of this, we are unable to conclude that the court's finding of "approximately 4,700 feet" was clearly erroneous, although the requirement of more specific findings dictates a more precise determination of this question on remand.

Certain objections have also been raised to that portion of the judgment relating to the interest granted. Our disposition of this appeal necessitates the entry of a new judgment, and any consideration of issues concerning interest on such a judgment would therefore be premature.

*Reversed and remanded.*