## William Nichols v. Sandra Nichols

[360 A.2d 85]

No. 105-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

Mathew T. Birmingham, III, of Glover and Fink, Ludlow, for Plaintiff.

Sarah E. Vail of the office of Douglas Richards, Springfield, for Defendant.

**Per Curiam.** By an order contained in a decree of divorce made by the Windsor Superior Court the plaintiff was awarded permanent custody of the parties' two minor children. Upon a petition for custody modification filed by the defendant alleging changed circumstances since the date of decree, the trial court found after hearing that a substantial change of circumstances existed, warranting it to conclude that in the best interest of the children the petition should be granted. By its judgment order custody was changed from the plaintiff to the defendant. The plaintiff appeals.

■ ■ Both parties introduced evidence upon the material issues before the court, change of circumstances and the best interest of the children, paramount in causes of this nature. The court's evaluation of this conflicting evidence is contained in its findings. As we stated in Gerety v. Gerety, 131 Vt. 396, 402, 306 A.2d 693 (1973), "There can be no fixed standards to determine what constitutes a substantial change in material circumstances. The court is guided by a rule of very general application that the welfare and best interests of the children are the primary concern in determining whether the order should be changed." In cases of this nature, the court is called upon to exercise its sound judgment and discretion. Regardless of what this Court or some other court might

318

have done in the circumstances, the record does not show that the discretion of the lower court was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable, which is the recognized test in this state. *Lafko* v. *Lafko*, 127 Vt. 609, 619, 256 A.2d 166 (1969).

The plaintiff's contention of error by the court in the admission of testimony given by two teachers is without merit. The evidence was admissible as bearing upon issues before the court.

The findings are supported by the evidence, and the judgment being supported by the facts and conclusions of law, will not be disturbed.

*Judgment affirmed.*