### Pamela Ann Field v. Jeffrey Bryan Field

[427 A.2d 350]

No. 190-80

Present: Barney, C.J., Billings and Hill, JJ., and Shangraw, C.J. (Ret.) and Smith, J. (Ret.) Specially Assigned

Opinion Filed February 3, 1981

*Chester S. Ketcham,* Middlebury, for Plaintiff.

*Langrock Sperry Parker & Stahl,* Middlebury, for Defendant.

**Hill, J.** Plaintiff appeals from a divorce decree granted by the Addison Superior Court. The principal issues relate to the distribution of the property of the parties.

The divorce was granted pursuant to 15 V.S.A. § 551(7) after a finding that the parties had not lived together as husband and wife for more than six consecutive months and there was no reasonable probability that they would resume the

marital relationship. The major asset of the parties was a house and land in New Haven, Vermont. The house was burdened with $20,000 remaining on a mortgage. The lower court awarded plaintiff the house and five acres, purportedly reflecting one-third of the value of the property. The remaining land was decreed to the defendant.

Plaintiff challenges the court's findings of fact relating to the source and amount of property involved, and claims the trial court abused its discretion in the distribution of the property. We agree.

■ Disposition of property following divorce is governed by 15 V.S.A. § 751. Factors to be considered in forming a decree include the source of the property, the respective merits of the parties, the condition in which each will be left by the divorce, the needs of the children, as well as general justice and equity. See *vanLoon* v. *vanLoon*, 132 Vt. 236, 240–41, 315 A.2d 866, 869 (1974).

■■ Trial courts have wide discretion, within the limits set by Title 15, in formulating awards of property and alimony. *Hogel* v. *Hogel*, 136 Vt. 195, 197, 388 A.2d 369, 370 (1978). This Court will not interfere if a reasonable basis supports the court's actions. *Brooks* v. *Brooks*, 131 Vt. 86, 93, 300 A.2d 531, 535 (1973). Abuse of discretion will only be found if the trial court fails to exercise its discretion, exercises it for clearly untenable reasons or to an untenable extent. *Id.* at 92, 300 A.2d at 535. The burden is on the appellant to show that the court failed to carry out its duties. *Id.*

■ In the present case, the trial court based the property distribution on findings that the pertinent real estate was "inherited" by the defendant and "consists of more than 100 acres." While we acknowledge that distribution of property can not be an exact science and that a certain flexibility is warranted, *Hogel, supra*, 136 Vt. at 197, 388 A.2d at 370, it must be kept in mind that a decree relative to property is final and not subject to modification, *Robinson* v. *Robinson*, 130 Vt. 558, 561–62, 298 A.2d 556, 558 (1972). Thus, the wide discretion given to the trial court in this area must be tempered when the distribution reflects inadequate findings.

■ As when awarding money damages in civil actions, approximations are of little assistance. See *Scribner* v. *State Highway Board*, 133 Vt. 163, 333 A.2d 125 (1975). The court's finding that the real estate in question is "more than 100 acres" precludes an acceptable approximation of the value involved. Widely conflicting evidence about the acreage was introduced. Under those circumstances, the judge has the duty of making a conclusive finding of fact, particularly with real estate when the value depends in part on the amount of land involved. Because the lower court failed to carry out its duty, an adequate review of the proceeding below is impossible. See *vanLoon, supra,* 132 Vt. at 242, 315 A.2d at 870. A remand is necessitated.

■ Plaintiff also challenges the court's finding that defendant "inherited" the property in question. The original source of property is one factor to be considered under 15 V.S.A. § 751 in disposing of real estate after a divorce. It is undisputed that defendant's parents had owned the New Haven property and that defendant inherited a one-half share of that property upon his mother's death. Plaintiff and defendant subsequently purchased the remaining one-half from the guardian of another heir. There is no support for the court's conclusion that defendant "inherited" the entire amount. Such a conclusion is clear error. Though the history of real estate is not of controlling significance in disposing of land after a divorce, *Culver* v. *Culver,* 133 Vt. 191, 193–94, 332 A.2d 799, 801 (1975), and there is no indication that the court's inaccurate finding was given disproportionate weight, nevertheless the trial court must re-examine its finding about the source of the New Haven real estate.

■ Finally, plaintiff argues that the decree seriously jeopardizes the children's interests, contrary to 15 V.S.A. § 751. Defendant is held responsible for paying the mortgage on the house and land, including the five acres given to appellant. Also, defendant is given certain land previously used by the eldest child for growing and selling Christmas trees.

It is common practice in this state to fashion a property decree which holds a former husband responsible for paying a mortgage on property given to the ex-wife. See *Peisch* v. *Peisch,* 132 Vt. 514, 321 A.2d 67 (1974). There are legal rem-

246

edies for safeguarding against abuse, and we will not order an end to this practice when the trial court in its discretion decides the arrangement best suits the situation. Neither the mortgage arrangement nor giving the land previously used for the Christmas tree business to defendant contradicts *van-Loon, supra,* where we warned against uprooting the children from the homestead.

*Reversed and remanded for consideration in accordance with this opinion.*