### Erlene A. Hendrick v. Robert K. Hendrick

[454 A.2d 1251]

No. 129-81

Present: Barney, C.J., Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed December 27, 1982

*Robert J. O'Donnell* and *Mark D. Oettinger,* Law Offices of *Robert J. O'Donnell,* Woodstock, for Plaintiff-Appellant.

*Plante, Richards, Terino & Hanley,* White River Junction, for Defendant-Appellee.

**Barney, C.J.** The plaintiff-appellant was granted a divorce from the defendant-appellee on the grounds that the parties had lived separate and apart for six months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The parties, first "married" in 1963, were legally married in 1968 due to a technical defect in the first ceremony. The trial court found that the parties had "lived in Windsor County, Vermont, for over fifteen (15) years."

Neither party brought assets of any significant value into the marriage. Nonetheless, their standard of living continually improved until, at the time of their divorce, they enjoyed a lifestyle commensurate with the defendant's $30,000 plus annual net income. The plaintiff argued below that the parties had an equal interest in all the marital property and here appeals the trial court award which, she claims, does not reflect that equality.

The trial court ordered the defendant to pay $100 per week in alimony for one year. This was to allow the plaintiff a recovery period from her recent illness. The defendant was

also ordered to pay $75 per week per child as child support until the majority of the two minor children. These provisions for alimony and child support were suggested by the defendant, are unchallenged by the plaintiff in this appeal, and thus are affirmed.

It is from the property division that the plaintiff now appeals. Plaintiff was awarded the home premises and furnishings and a $10,000 certificate of deposit. She was also awarded the family car, which has an associated debt at least equal to its value, and the largest family debt, $13,400, for a now defunct gift ship business. Plaintiff's total equity is $9,700. The defendant, for his part, was awarded a piece of investment property "estimated at $2,500 to $7,000" and 100% of his stock in a plumbing contracting business, valued by the plaintiff's expert witness at between $261,000 and $319,000, but by the defendant and his partner at "substantially less than that amount." At the heart of this dispute is the division of what is clearly the single biggest marital asset: the plumbing business.

The legislative mandate regarding disposition of property is that, "[i]n granting a divorce . . . the court shall decree such disposition of the property owned by the parties separately, jointly, or by the entirety, as shall appear just and equitable . . . ." 15 V.S.A. § 751. Plaintiff argues that, on its face, the trial court's disposition is violative of the above-quoted statute. She concedes, as she must, that her burden is heavy; in order to challenge the property settlement, she must show an abuse of discretion. *LaFarr* v. *LaFarr*, 132 Vt. 191, 315 A.2d 235 (1974). However, the burden is not insurmountable. As we have said, "we will not interfere if a reasonable evidentiary basis supports the court's findings and the findings are sufficient to support the conclusions of law, but we have recognized that because 'a decree relative to property is final and not subject to modification . . . the wide discretion given to the trial court in this area must be tempered when the distribution reflects inadequate findings.' " *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982) (citing *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981)).

At the outset we are presented with a distribution which seems to be weighed very heavily in favor of the defendant.

While such an order is not per se violative of § 751, it causes us to examine both the transcript and the order of the lower court most closely. As already noted, distribution of the plumbing business is the focal point on this appeal. Conflicting evidence about the value of the plumbing business was introduced, much of which was incorporated into the findings either directly or by reference to plaintiff's exhibits, without any attempt to resolve the conflict. Thus, the plumbing corporation could be said to have a value ranging from as low as $80,000, according to the value placed on the business by the defendant and his partner, to as high as $319,000, the value estimated by plaintiff's certified public accountant expert witness. Despite numerous findings regarding the corporate worth, nowhere is a valuation found which we can review. It follows that the claim of disparity now made by the plaintiff may or may not be justified depending on the corporate worth owned by the defendant as 50% stockholder. *Field* v. *Field*, *supra*, 139 Vt. at 245, 427 A.2d at 352. However, even the most conservative and unlikely estimate of the corporation's value results in a property award to the defendant at least four times greater than that to plaintiff, while the median estimate results in defendant's receiving approximately fifteen times the amount of property as the plaintiff.

■ Thus, we are presented with a record not susceptible to review because of its evidentiary shortcomings, and we must therefore remand for more specific findings. The problem of valuation is further aggravated by two factors, an amendment by the trial court to the "Notice of Decision" and a perceived difficulty with provisions of the defendant's contract governing sale of stock in the plumbing corporation. We address these problems in this order.

In the trial court's original property division, two $10,000 certificates of deposit and $5,000 in proceeds from the 1979 sale of a recreational camp were awarded to plaintiff. Although these additional sums would have balanced the awards considerably, at least assuming the highly conservative estimate of the corporate worth, plaintiff was not able to enjoy the benefits. Upon being advised that only one certificate of deposit existed, the court struck that portion of the plaintiff's award. The plaintiff argues that the court should have reconsidered the entire award in view of the error. The plaintiff

also argues on appeal that $5,000 in proceeds was long since spent for the benefit of the couple during their marriage, and this assertion is supported by uncontroverted evidence.

The problem of valuation was compounded by the trial court's apparent feeling that it was precluded by law from apportioning defendant's interest in the business. The conclusions of law read, in relevant part, "[u]nder the terms of the contract between defendant and his 'partner,' no shares of the corporation may be sold or withdrawn without first offering the stock to the other. The court may not alter this contract." This reflects an inaccurate portrayal of the power of Vermont courts to order and enforce a property division. A number of creative alternatives are available to effect an equitable division of property. For example, under 15 V.S.A. § 674 (repealed by 1981, No. 247 (Adj. Sess.), § 18), the court may place a lien on real or personal assets, specifically including stock in a corporation. Under § 711, sale of the property may be ordered to enforce a lien in the event of a subsequent default. Clearly, the court has sufficient latitude to fashion a division without altering the contractual restrictions on sale of stock.

Clearly, not all the parties' assets were evaluated by the trial court, and thus an incomplete and unreviewable division was made. Therefore, we must remand for reconsideration of an appropriate division of the marital estate which is just and equitable and is supported by complete findings. Since no issue is raised regarding the propriety of the divorce itself, the alimony payments or the child support plan, those portions of the order are affirmed.

*Affirmed as to the merits of the divorce, the alimony and child support payments; reversed and remanded for reconsideration of the property division of the plumbing corporation.*