## Christine E. Andreson v. Nicholas G. Andreson

[497 A.2d 371]

No. 84-235

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed May 24, 1985

Motion for Reargument Denied June 5, 1985

*Mikell & Mikell,* Burlington, for Plaintiff-Appellee.

*McKee, Giuliani & Cleveland,* Montpelier, for Defendant-Appellant.

**Hayes, J.** We must decide in this contested divorce case whether the trial court abused its discretion in its award of child support and distribution of marital property.

The divorce decree left the appellant without any asset of value and with an ordered child support obligation totaling $150 per week.

The uncontroverted evidence shows that between January 1, 1983, and the date of the merits hearing, August 17, 1983, appellant earned a *gross* income of $9500 and had monthly operating expenses approximating $1400. There was no finding that the stated expenses were unworthy of belief or unreasonable in character or amount. In a word, appellant has been ordered to pay child support totaling $150 per week when his gross income is exceeded by his operating expenses.

Appellee fares better financially. She receives $2730 per month from International Cheese and will receive payments from this company each year for fifteen years. In addition, she has earned income averaging $4500 a year.

The children also have resources of their own. They receive $730 each month from a trust fund. This will continue for a period of fifteen years.

Although the trial court has broad discretion in determining child support in divorce cases, this discretion is not unlimited, and if it is made to appear to the reviewing court that the trial court has exceeded its bounds, corrective action is appropriate. *Cleary* v. *Cleary,* 134 Vt. 181, 182, 353 A.2d 334, 335 (1976).

Where, as here, the child support order appears to be inequitable and impossible of compliance, we are compelled to hold that the trial court has passed the bounds of its discre-

tion. *Id.* at 183, 353 A.2d at 336. We therefore reverse on this issue.

The next question presented for review is whether the lower court abused its discretion in awarding to appellee the Park Avenue real property in Worcester, Massachusetts, which has a net equity of $102,000.

█ "[B]ecause 'a decree relative to property is final and not subject to modification, . . . the wide discretion given to the trial court in this area must be tempered when the distribution reflects inadequate findings.'" *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982) (quoting *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981)).

At the outset we note that not all the parties' assets were evaluated by the trial court in distributing the marital property. Indeed, the value of what is undoubtedly the largest single asset of the marriage, the fifteen year schedule of payments from International Cheese, was not dealt with in the findings.

█ Recourse to the transcript is of little avail. While it appears from the evidence that the International Cheese payments may have a value of several hundred thousand dollars, the record is too imprecise for either review here or the proper exercise of discretion below. *Cleary, supra,* 134 Vt. at 182, 353 A.2d at 335–36.

Thus, on the matter of property distribution, we also reverse.

█ Even had there been an appropriate factual basis for property division as well as adequate findings, the award of the trial court, decreeing no asset of value to appellant, would warrant the strictest scrutiny.

The lesson of this case is clear: where the record is inadequate, the trial court must inquire. If no inquiry is made, we will not attempt to darn legal cobwebs here.

*So much of the judgment order as relates to child support and property disposition between the parties is reversed, and the cause is remanded for a new hearing on these issues. In all other respects, the judgment is affirmed.*