# Jo-Ann Sullivan v. William Joseph Sullivan

[518 A.2d 33]

No. 85-037

Present: **Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 24, 1986

*William K. Sessions III* and *Bonnie Barnes* of *Sessions, Keiner & Dumont*, Middlebury, for Plaintiff-Appellee.

*Mark L. Sperry* and *Susan M. Murray* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellant.

**Gibson, J.** Defendant William J. Sullivan appeals from a trial court judgment awarding plaintiff property which he asserts constitutes more than 90 percent of the marital assets. The principal issue on appeal is whether the trial court findings provide a reasonable basis to support the court's disposition of the marital

property. For the reasons stated herein, we find that they do not, and therefore reverse the judgment of the superior court.

The trial court awarded the family home, which the court found to have a net equity of $42,000,* to the plaintiff. Plaintiff was also awarded the family car having an equity of approximately $1,000. Defendant, in turn, was awarded all of the stock in Sullivan Farm Equipment, Inc., the family business. The court made no finding as to the value of the stock or the business itself. A boat, with an equity of $1,000, constituted the remainder of defendant's award. The court order required defendant to pay $150 per week as child support, maintain life insurance for the benefit of the minor children, provide health and dental insurance for plaintiff and the minor children, and assume responsibility for $1,906 of bills related to child counseling, car repair and credit card accounts.

██ The disposition of marital assets upon divorce is governed by 15 V.S.A. § 751, which requires that the property be "equitably" divided. Within this guideline, the trial court has broad discretion in formulating its awards, *Buttura* v. *Buttura*, 143 Vt. 95, 99, 463 A.2d 229, 231 (1983), but this Court has limited the exercise of such discretion where the disposition of property is made pursuant to inadequate findings of fact. *Andreson* v. *Andreson*, 145 Vt. 634, 636, 497 A.2d 371, 372 (1985). When findings are inadequate to support the trial court's disposition of the marital property, we will remand for a new hearing on the property disposition. *Id.* at 636, 497 A.2d at 373. Where the trial court has failed to find a value for the single largest marital asset, we will reverse and remand. See *id.*; *Hendrick* v. *Hendrick*, 142 Vt. 357, 360, 454 A.2d 1251, 1252-53 (1982).

█ In the instant case, the trial court's disposition of marital property awarded plaintiff assets with a total value of at least $43,000 and awarded defendant a boat having an equity of $1,000 and the stock in the family business. The court made no finding as to the value of the stock or of the business as a whole. The only evidence regarding the value of this asset was defendant's testimony that the stock was worth $5000. The plaintiff contested this figure on the basis of the company's recent growth history. Defendant testified that gross sales were $184,629 in fiscal year 1981, $299,000 in fiscal year 1983, and $487,196 in the fiscal year

---

* Fair market value of $64,000 less two mortgages of $17,000 and $5,000.

ending February 29, 1984. The parties' estimates of the income that the business produced for the family ranged between $13,000 and $15,000 per year. Without a finding of the value of the stock, this property disposition, on its face, does not provide an adequate record for our review. See *Andreson* v. *Andreson, supra*, 145 Vt. at 636, 497 A.2d at 373; *Hendrick, supra*, 142 Vt. at 360, 454 A.2d at 1253. Here, as in *Andreson* and *Hendrick*, we must reverse because the trial court failed to determine the value of a major marital asset, a finding that was critical to the determination.

Defendant also challenges other findings of the trial court, including the valuation of the equity in the home premises and of the parties' automobiles, the use of a joint checking account, and the amount of child support. Upon a review of the record, we conclude that the evidence supports the findings of the trial court on these issues.

In addition, defendant contends that the trial court should have established a specific schedule of visitation. Defendant has not demonstrated that the court erred in ordering that the defendant have the right to visit and have the children with him "at all reasonable times and places." If in the future this order fails to form the basis of a workable visitation schedule between the plaintiff and the defendant, defendant may petition for modification of the visitation order under 15 V.S.A. § 668.

*Affirmed as to the merits of the divorce and reversed and remanded for reconsideration of the property disposition.*