## Anthony E. Sutton v. Arlene F. Sutton

[523 A.2d 1249]

No. 85-466

Present: Allen, C.J., Hill, Peck and Gibson, JJ.,
and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed February 13, 1987

*Abare, Donaghy, Nicholls & Belcher, P.C.*, Barre, for Plaintiff-Appellant.

*Cheney, Brock & Saudek, P.C.*, Montpelier, for Defendant-Appellee.

**Peck, J.** This is an appeal by plaintiff from a property division order of the Washington Superior Court entered pursuant to a divorce decree. We affirm.

Plaintiff claims that the distribution of marital property reflects an abuse of discretion on the part of the trial court. Specifically, he argues the court's finding that his business was healthy and secure was error. We disagree.

In the distribution order, the trial court awarded $27,000 of the homeplace equity to defendant and the remaining $17,000 to plaintiff. In addition, the court awarded him his printing business free and clear of any claim by defendant, despite a finding that

she had contributed to the success of the business. In 1984, the enterprise provided a net income of $17,000, but the plaintiff drew $29,000 from the business creating a proprietor's deficit. In each year prior to 1984, the business had shown an increase in gross sales, and he testified that the business provided a good return on his investment.

Plaintiff acknowledges that the trial court has broad discretion in the distribution of property. *Ruhe* v. *Ruhe*, 142 Vt. 429, 432, 457 A.2d 628, 630 (1983). Nevertheless, he invokes an exception to this general rule: "[B]ecause 'a decree relative to property is final and not subject to modification, . . . the wide discretion given to the trial court in this area must be tempered when the distribution reflects inadequate findings.'" *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982) (quoting *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981)).

Plaintiff contends that the lower court's finding with regard to his printing business is erroneous because of the $29,000 withdrawal which created a deficit. We reject this argument. This Court has held repeatedly that we will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous. V.R.C.P. 52(a); *Jacobs* v. *Jacobs*, 144 Vt. 124, 126, 473 A.2d 1165, 1167 (1984); *Cliche* v. *Cliche*, 140 Vt. 540, 541, 442 A.2d 60, 61 (1982). The burden falls upon the party claiming an abuse of discretion to show that the trial court failed to carry out its duties. *Field* v. *Field*, 139 Vt. at 244, 427 A.2d at 352 (citations omitted).

The plaintiff has failed to meet this burden. The transcript includes evidence that the business grew in sales every year prior to 1984. Although he created a deficit in 1984 by his own act, the business provided a reasonable net income of $17,000. Plaintiff himself testified that the business gives a "good return on investment." We find that this evidence, taken in the light most favorable to the prevailing party and excluding the effect of any modifying evidence, supports the trial court's finding that appellant's printing business was healthy and secure.

Plaintiff also maintains that the case at bar is analogous to *Andreson* v. *Andreson*, 145 Vt. 634, 497 A.2d 371 (1985). In that case we noted that "the award of the trial court, decreeing no asset of value to appellant, would warrant the strictest scrutiny." *Id.* at 636, 497 A.2d at 373. In the instant case the trial court awarded

the appellant $17,000 of the homeplace equity as well as the family business; certainly these were assets "of value." Thus, *Andreson* is distinguishable on its facts; the analogy is not valid.

*Affirmed.*