### Colleen Poulin v. David Upham

[538 A.2d 181]

No. 87-257

Present: **Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed December 4, 1987

*Gaston & Durrance* and *Cheney, Brock & Saudek*, Montpelier, for Plaintiff-Appellant.

*Peter F. Langrock* and *Thomas Z. Carlson* of *Langrock Sperry Parker & Wool*, Burlington, for Defendant-Appellee.

**Peck, J.** The parties were divorced by order of the Orange Superior Court on the grounds that they had lived separate and apart for more than six months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The divorce itself is not challenged; the issues raised on appeal by the plaintiff, Colleen Poulin, relate to the court's award of parental rights and responsibilities, and the court-ordered property settlement and denial of suit money. See 15 V.S.A. §§ 665 (custody), 751 (property disposition). We reverse in part and affirm in part and remand.

Plaintiff contests the trial court's order which awards custody of the parties' daughter to defendant. She argues that the trial court erred by awarding parental rights and responsibilities without making the factual findings required by 15 V.S.A. § 665(b).

Upon timely request of a party, pursuant to V.R.C.P. 52(a), a trial court must make written findings of fact and conclusions of law so that the reviewing court is not " 'left to speculate as to the basis upon which the trial court made its findings and reached its

decision . . . .' " *Mayer* v. *Mayer*, 144 Vt. 214, 216, 475 A.2d 238, 239-40 (1984) (quoting *Jensen* v. *Jensen*, 139 Vt. 551, 553, 433 A.2d 258, 260 (1981)). In *Barbour* v. *Barbour*, this Court held that the trial court must state in its findings the facts essential to the disposition of the custody issue. 146 Vt. 506, 509, 505 A.2d 1217, 1219 (1986).

■ In Vermont, judges must use the "best interest of the child" standard when making custody decisions. See 15 V.S.A. § 665; 15 V.S.A. § 652 (Supp. 1984) (repealed 1985, No. 181 (Adj. Sess.), § 10); *Lumbra* v. *Lumbra*, 136 Vt. 529, 532, 394 A.2d 1139, 1142 (1978); Note, *Determining "Best Interests" of the Child in Divorce Custody Disputes: A Procedural Approach*, 9 Vt. L. Rev. 311 (1984). Prior to Vermont's 1986 Divorce Act, the legislature gave judges a great deal of discretion in awarding custody under the best interest standard. The legislature provided a list of factors that could be used by the judge in determining the child's best interest, but the statute did not require the judges to use any of these factors when making their decisions. 15 V.S.A. § 652(a)(1)-(4) (Supp. 1984); see also *Nichols* v. *Nichols*, 134 Vt. 316, 317, 360 A.2d 85, 86 (1976) ("In cases of this nature, the court is called upon to exercise its sound judgment and discretion."); *Senesac* v. *Senesac*, 135 Vt. 24, 25, 370 A.2d 214, 215 (1976) ("In awarding custody and in decreeing visitation rights, the trial court has wide discretion."). The new law also provides factors upon which to base a determination of a child's best interest, but in contrast to the earlier enactment, the consideration of these factors is no longer discretionary. See 15 V.S.A. § 665(b)(1)-(8) (Supp. 1986). Thus, 15 V.S.A. § 665(b) directs that a court must consider, at a minimum, eight specific factors when making a determination of parental rights and responsibilities.* Consequently, in order for a trial judge to state in written findings, pursuant to V.R.C.P. 52(a), the facts essential to the disposition of parental rights and responsibilities, the trial court must at least address each of these statutorily created factors. Cf. *Barbour*, 146 Vt. at 509, 505 A.2d at 1219 (under the previous statute the Supreme Court stated that the trial court should be guided by the

---

* In the instant case the court had sufficient evidence before it to make findings as to each of these factors. We note, however, that if no evidence is presented as to a particular factor, no findings need be made with respect to it.

statutory factors when making findings as to the child's best interest).

In the instant case plaintiff made a timely request for findings of fact and conclusions of law, and submitted proposed findings to the trial court. After an extensive review of the record we conclude that the trial court's findings are inadequate. The court made no reference to the specific criteria set forth in 15 V.S.A. § 665(b) in its findings but summarily concluded that "the child's best interest under all of the criteria set forth in 15 V.S.A. § 665 clearly and convincingly lies with the father."

The findings on the issue of parental rights and responsibilities consisted of an extensive discussion of what it saw as the plaintiff's lack of credibility as a witness and conclusions as to her unsuitability as a parent. However, the trial court made no findings as to the relative suitability of the defendant. In its only discussion of defendant, the court merely notes that he "has shown remarkable restraint and fairmindedness throughout the unfortunate affair . . . [and] has looked at the child's need for emotional support of both parents as the important quality." Contrary to the requirements of 15 V.S.A. § 665, the court failed to make any findings as to the child's relationship with each parent and the ability and disposition of each parent "to provide the child with love, affection and guidance" (15 V.S.A. § 665(b)(1)); "to assure that the child receives adequate food, clothing, medical care, other material needs and a safe environment" (15 V.S.A. § 665(b)(2)), and; "to meet the child's present and future developmental needs" (15 V.S.A. § 665(b)(3)).

Where the trial court fails to make findings on a critical issue this Court will reverse and remand for a new hearing. *Strong* v. *Strong*, 144 Vt. 44, 46, 472 A.2d 1245, 1246-47 (1984). The court below failed to make adequate findings as required by 15 V.S.A. § 665. Therefore we reverse and remand for a new trial.

Plaintiff argues that the trial court erred by failing to provide an equitable distribution of marital assets pursuant to 15 V.S.A. § 751, and failed to make adequate findings pursuant to V.R.C.P. 52(a). Disposition of property is a matter of discretion with the trial court, *Sutton* v. *Sutton*, 147 Vt. 639, 640, 523 A.2d 1249, 1250 (1987), whose decree must stand unless an abuse of discretion is demonstrated. *Burr* v. *Burr*, 148 Vt. 207, 209, 531 A.2d 915, 917 (1987) (citing *Roberts* v. *Roberts*, 146 Vt. 498, 499, 505 A.2d 676, 677 (1986)). However, we have noted that "a trial

court's discretion under 15 V.S.A. § 751 is not so broad that inadequate findings of fact will evade review." *Id.* at 210, 531 A.2d at 917.

Findings of fact will not be set aside upon appeal unless, "taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous." *Sutton*, 147 Vt. at 640, 523 A.2d at 1250; *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983). The burden falls on plaintiff to show that the trial court has failed to carry out its duties. See *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981). Plaintiff has met this burden.

In the instant case the court erroneously found that "the parties had divided the marital estate to the extent it existed at time of separation." The record does not indicate any agreement between the parties disposing of the property but shows that there had been a temporary disposition of the property pursuant to an order under V.R.C.P. 80(c)(2). Even if there had been a stipulation between the parties the court would have to make an independent determination of whether the distribution is equitable. See 15 V.S.A. § 751 ("[T]he court *shall* settle the rights of the parties to their property . . . ."); see also *Rudin* v. *Rudin*, 132 Vt. 30, 33, 312 A.2d 736, 738 (1973) (court is not bound by parties' property stipulation). The trial court failed to make such an independent disposition of the marital property here. As a result, the issue of property division must also be remanded for a new trial.

■ Plaintiff argues that the trial court erred and abused its discretion by failing to provide plaintiff with an award of suit money. In a divorce action the court may determine whether to make an award of attorney's fees based on the financial circumstances of the parties. See *Ely* v. *Ely*, 139 Vt. 238, 241, 427 A.2d 361, 363 (1981). Here, the court's findings of the wife's employability and her absence of need (she intended to use the award for a college trust fund for her child) support its conclusion that an award of suit money would be inappropriate.

Insofar as the court's findings with regard to parental rights and responsibilities were insufficient, and the court's findings with regard to the division of the marital estate were erroneous, we reverse and remand for a new trial. With regard to the order of divorce and the denial of suit money, we affirm the lower court's order. As a new trial is necessary, we do not reach plaintiff's additional claims of error.

*Reversed in part, affirmed in part, and remanded for a new trial.*