## Dale Ann Hansen v. Keith Hansen

[562 A.2d 1051]

No. 87-398

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed May 5, 1989

*George E. Spear, II,* Swanton, and *Michael Rose (On the Brief),* St. Albans, for Plaintiff-Appellant.

*Keith J. Kasper* of *McNamara, Fitzpatrick & McCormick,* Burlington, for Defendant-Appellee.

**Allen, C.J.** The parties were divorced by order of the Grand Isle Superior Court on the ground that they had lived apart for six consecutive months and resumption of marital relations was not reasonably probable. The trial court ordered that the legal responsibility for the two minor children be shared and that the physical responsibility be awarded primarily to the father. The court also directed the division of the marital property but de-

clined to order child support or maintenance. Plaintiff appeals challenging the court's award of custody to defendant and the property division award. We reverse.

Plaintiff first argues that the court's award of parental rights and responsibilities was error since it was not based on the best interests of the children. The parties have a son and daughter from the marriage, who at the time of the divorce were eight and five years of age respectively. From September of 1986 to the time of the court's order, the parties maintained a custody arrangement whereby the plaintiff/mother had primary responsibility for the daughter while the defendant/father kept responsibility for the son. The defendant remained in the marital home in Grand Isle and plaintiff lived with her family in Alburg. The parties freely exchanged both children without apparent incident. The parties were unable to agree on the division of parental rights and responsibilities, and this issue became a matter for determination by the trial court.

The trial court concluded that "the parties are equally suited or unsuited to discharge the rights and responsibilities when viewed in light of the eight criteria of the statute." The court further determined that additional considerations warranted maintaining both children at the Grand Isle home with defendant. First, such an arrangement would allow the children to continue both their relationship with a primary daytime caretaker and their involvement in the Grand Isle school system, two associations the parties have agreed should be available to both children. Second:

> [T]he wife's decision to commence and then continue an extramarital affair again carried with it adverse consequences. Those consequences impact on the children as well as the parents. It is not a question of punishing the mother for infidelity. It is a question of not punishing the children.[1]

Plaintiff argues that the custody award is erroneous since premised, at least in part, upon the relative fault of the parties for the divorce. According to plaintiff, the court's consideration of her extramarital affair when concluding it was "manifestly unjust

---

[1] In the same discussion, the court further concluded that, "[s]he understood her conduct destroyed the trust needed to maintain a marriage" and "[i]t seems manifestly unjust to permit her to force the husband from the home because of her misconduct under a theory of best interests of the children, and under these facts."

to permit her to force the husband from the home because of her misconduct under a theory of best interests of the children" amounted to the subordination of the children's welfare to that of the defendant.

■ Under Vermont's recently amended child custody laws, the "best interests" of the children must be the primary consideration in any division of parental rights and responsibilities. 15 V.S.A. § 665(a) (empowering the courts of this state to "order parental rights and responsibilities to be divided or shared between the parents on such terms and conditions as serve the best interests of the child"); *Harris* v. *Harris,* 149 Vt. 410, 412, 546 A.2d 208, 210 (1988); *Poulin* v. *Upham,* 149 Vt. 24, 26, 538 A.2d 181, 182 (1987). Section 665 requires the trial court to consider, at least, the eight specific factors listed in the statute when coming to its custody award. *Poulin,* 149 Vt. at 26, 538 A.2d at 182. Factors other than those listed, however, may also be considered by the court, leaving open the question of whether a party's conduct, blamed for the divorce, may appropriately be considered when dividing parental rights and responsibilities.

This Court faced a similar issue under the statutory predecessor to § 665, 15 V.S.A. § 652 (Supp. 1984) (repealed 1985, No. 181 (Adj. Sess.), § 10), in *Price* v. *Price,* 149 Vt. 118, 541 A.2d 79 (1987). The plaintiff in *Price* argued that the court erroneously based its custody order on a determination that the plaintiff was at fault for the breakup of the marriage. We reversed, noting that "[t]he relative fault of the parties in terminating the marriage is not relevant to the determination of custody between them." 149 Vt. at 121, 541 A.2d at 81. At the heart of our decision in *Price* was the concern that basing the custody award on the relevant fault of the parents would, in effect, remove the focus of the inquiry from what is in the best interests of the child. *Price,* however, does not preclude a trial court from considering evidence of a party's misconduct, leading up to the divorce, if such misconduct somehow impacts on what will be in the best interests of the child after the divorce is finalized.

■ Here, the court premised its custody award, at least in part, on the plaintiff's misconduct. The court expressly stated that because of plaintiff's extramarital affair, the court could not, under a theory of best interests of the children, force the defendant from the Grand Isle home in which it had already determined the children should remain. To the extent that the court's determina-

tion was unrelated to what would be in the best interests of the children, it must fail.

The court further determined, however, that the adverse consequences of plaintiff's extramarital affair "impact on the children as well as the parents." Plaintiff argues that this determination is unsupported by the findings and may therefore was not form the basis of the custody arrangement. The trial court was here obligated to make written findings of fact and conclusions of law so that this Court, without speculating, would be able to determine how the trial court reached its decision. *Poulin,* 149 Vt. at 25-26, 538 A.2d at 182. "For purposes of a contested custody case, . . . the facts essential to the disposition of the case must include those relating to the court's conclusions and those relating to factors bearing on the best interest of the child raised by the parties." *Price,* 149 Vt. at 123, 541 A.2d at 83.

Nowhere are there any findings to support the determination that adverse consequences resulting from plaintiff's extramarital affair impacted upon the children's best interests.[2] Nor is there any evidence in the record that would support a finding by the court of any adverse effect on the children arising from plaintiff's misconduct. Without adequate support, it was an abuse of discretion for the court to fashion the custody award, at least in part, on this determination and the award must therefore be reversed. Because we base our reversal on the aforementioned grounds, we do not reach plaintiff's additional arguments that the court erred

---

[2] Defendant points to several statements made by the court in its findings regarding parental rights and responsibilities from which, he argues, it may be inferred that the conduct of plaintiff, blamed for the divorce, had an adverse impact on the children. The court found, for instance, that the children seem "distressed in part because of the separation from each other" and that "[t]he present elevated state of emotional tension over the last few months between the parties has adversely affected the children and will continue to do so until the parents abate this dispute." The court also found that "[t]he children perceive dramatic changes are occurring in their lives which they do not understand and are frightened will harm them." These findings merely demonstrate the reactions of the children to the divorce generally and do not support the court's conclusion that plaintiff's conduct, blamed for the breakup of the marriage, adversely impacts on the best interests of the children. Something more than the normal feelings of children in response to the breakup of their family home must be tied with the party's misconduct in order to demonstrate an impact on the children's interests justifying consideration by the trial court of evidence of the misconduct of a party blamed for the divorce.

by failing to consider both plaintiff's role as the children's primary care provider and defendant's mental instability.

■ Since the trial court's division of the property, 15 V.S.A. § 751, was based in part on the award of parental rights and responsibilities under § 665, it must be reversed and remanded for a new hearing as well. *Gustin* v. *Gustin*, 148 Vt. 563, 566, 536 A.2d 933, 935 (1987).

*Reversed and remanded.*