## Robert Leroy STOCKER v. Joanne Davis STOCKER

[586 A.2d 548]

No. 89-480

December 18, 1990. Defendant wife appeals from a superior court order reducing child support payments to plaintiff husband from $71 to $30 per week, following the parties' divorce and award of custody of their child to plaintiff. Defendant contends that she should have no support obligation.

On appeal defendant concedes that the court's original $71 weekly figure was correct under the support guidelines issued by the secretary of human services pursuant to 15 V.S.A. § 654. Her major issue on appeal is the failure of the trial court to eliminate her support obligation altogether in light of the living expenses she itemized in her affidavit of expenses. But the court in its decision from the bench made it clear that it was reducing the support figure from $71 to $30 in light of the facts adduced by defendant about her living expenses, including the expense of caring for two children of an earlier marriage. It was within the court's power to consider these factors. See *Ainsworth v. Ainsworth,* 154 Vt. 103, 108–12, 574 A.2d 772, 775–78 (1990). In accordance with the criteria set forth in 15 V.S.A. § 659(a), the court reduced the amount of weekly support by more than half from the $71 figure established under the guidelines. Defendant has not demonstrated that it was an abuse of discretion for the court to impose some obligation to support, especially at a figure well below that prescribed by the guidelines.

Nor is defendant correct that the court failed to explain its award of the parties' residence to plaintiff, or that the award was an abuse of discretion. The court found that the residence had been owned by plaintiff and that defendant had not added substantially to its value. The court also specifically stated that it considered the property award in arriving at a child support figure, noting that defendant had done nothing toward support of the child since the parties separated. In light of its reduction in defendant's support obligation under the guidelines of nearly 60 percent, the court's decision was well within its discretion.

*Affirmed.*

**Dooley, J.,** dissenting. The combination of the two orders appealed from leaves defendant with a poverty-level income, basic living expenses that exceed that income, no assets and a support order equal to 15% of her gross income. They remain inequitable and should not be affirmed.

Defendant has a gross income of $869 per month entirely from workers' compensation benefits. On this amount she is required to support two minor children of a former marriage and pay rent of $330 per month plus electricity of $40 per month. The $370 per month shelter expenses are, of course, caused by the fact that she received no part of the parties' house, the only real asset of the marriage. Although plaintiff's gross income is lower than that of defendant, he has virtually no shelter costs.

Defendant's income is lower than the federal poverty level for a family of three. See 55 Fed. Reg. 5665 (Feb. 16, 1990). It is lower than Vermont's welfare need standard, Vermont Dep't of Social Welfare, Welfare Assistance Manual §§ 2245.2, 2245.24, 2245.3 (Oct. 1, 1990), defined statutorily as a "reasonable subsistence compatible with decency and health." 33 V.S.A. § 1103(a). After support is paid, it will be far below these levels. We should be dealing with the income deficiencies of these families through our income maintenance programs rather than issuing court orders to transfer money between poor families, backed up by automatic wage withholding orders, see 15 V.S.A. §§ 780(9) (workers' compensation payments defined as wages), 781(a) (wage withholding orders), when neither family will have enough money to live on.

The fact that the guideline statute could be read to authorize this child support order was caused by the omission of a specific calculation method for other minor dependents of the parties to the child support dispute. The legislature has now corrected this omission. 15 V.S.A. § 656a(b) (providing for adjustment of child support obligation where "a parent is also responsible for the support of additional dependents who are not the subject of the support order"). Without going through all the calculations here, under the new statutory provisions, defendant's income is under the statutory self-support reserve and would remain below the reserve even if she returned to work at her former wage rate. See 15 V.S.A. § 653(7) (self-support reserve is the amount of income reserved to the noncustodial spouse to provide a reasonable subsistence compatible with decency and health); Vermont Office of Child Support Services, Child Support Guidelines (Oct. 9, 1990). Where a noncustodial parent's income is below the self-support reserve, the court must consider the factors in § 659 and "shall require payment of a nominal support amount." 15 V.S.A. § 656(b).

I would take the legislature's new system for handling additional dependents as a guideline for how to do justice in this case. Accordingly, I would remand for an order of support of a nominal amount, having in mind that defendant's income is already below the poverty level.

If there were a fair child support order in this case, I would be more open to the division of assets. The trial court interrelated these issues by defending the property division in part based on the subguideline child support order. Since I believe that the child support order is too high, I cannot accept this defense.

In *Andreson v. Andreson*, 145 Vt. 634, 636, 497 A.2d 371, 373 (1985), this Court held that an order "decreeing no asset of value to appellant" warrants "the strictest scrutiny." In fact, I cannot find that we have ever affirmed an order that allocated no asset of value to one of the parties. That is exactly the situation here. While I think the situation is different from the norm because of the poverty of the parties, I do not think the order can withstand strictest scrutiny. The result of the order is that defendant has housing costs that approach fifty percent of her income while plaintiff has virtually no housing costs. This difference in housing costs was then ignored in the support calculations. Not only is there not the "break" for defendant in the support order as relied upon by the trial court, the support order magnifies the one-sided property distribution. Both cannot be sustained. I dissent.

I am authorized to say that Justice Peck joins in this dissent.