*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-342

MAY TERM, 2011

| | |
|---|---|
| Laura Love Vollbrecht | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| Kris Vollbrecht | } DOCKET NO. F682-8-09 Cndm |

Trial Judge: Matthew I. Katz

In the above-entitled cause, the Clerk will enter:

Father appeals from a final judgment of divorce, asserting that the trial court erred in: (1) awarding the bulk of the marital estate to mother; (2) awarding property in lieu of spousal maintenance; and (3) providing an unduly vague parent-contact provision. We affirm.

The trial court's findings are not challenged on appeal, and may be summarized as follows. The parties separated after a 32-year marriage. Both were in their early fifties at the time. They have five children, two of whom were still minors living at home with mother at the time of these proceedings.

Father worked for many years for his in-laws' printing business in Illinois. He became a successful salesman, earning as much as $147,000 annually. In 2002, father decided to move the family to Vermont to open his own printing business. Unfortunately, the business failed after four years. Father then worked as a salesman for a competitor, at a much reduced salary, but was laid off after four years. At the time of these proceedings, he had two part-time jobs, earned enough to support himself, and was seeking a better job in his field.

Mother worked for almost the entire course of the marriage at home, taking care of the house and children, and continued to do so at the time of the final hearing. She had surgery on her legs in 2009, and knee surgery a year later, and has difficulty standing for long periods. Based on her lengthy absence from the job market and health problems, the trial court found that mother has no realistic employment options in the near future.

The marital estate consisted of two principal assets. One was the marital home in South Burlington, valued at $380,000 and subject to a $215,000 mortgage debt, for a remaining equity of $165,000. The other was an investment account funded principally by mother's family for the children's college education, although it also provided the $51,000 down-payment for the marital home. About $306,000 remained in the account at the time of the divorce.

The trial court found that, with his extensive experience in the business world and positive outlook, father would be able to support himself until retirement, if not at the level he previously enjoyed or necessarily in Vermont. In contrast, the court found mother's longterm

employment prospects to be nonexistent, and indeed concluded that the $470,000 marital estate was "the only thing standing between [her] and penury." The court considered a nominal award of spousal maintenance subject to later increases when father's income improved, but concluded that it could present practical problems of enforcement and keep the parties financially intertwined. Accordingly, it awarded the principal marital assets to mother in lieu of maintenance.

The court also awarded sole parental rights and responsibilities for the two younger children to mother, and ordered that visitation with father "shall occur at reasonable times and places." In this regard, the court found that the two younger children "do not seem to have a strong attachment to" father and did not look forward to visits, although they had been seeing him occasionally on weekends. The court thus concluded that visitation "should be left somewhat vague," leaving it to father to make the effort to develop "a healthy relationship" with the children and "make them look forward to seeing him."

A final judgment of divorce issued in August 2010. Father moved to amend the judgment, which resulted in a subsequent order awarding father his pension plan, which will pay him $293 per month upon his retirement at age 65, and an individual retirement account valued at $10,270. This appeal followed.

Father contends the court abused its discretion in awarding the bulk of the marital assets—the marital home and investment account—to mother. The trial court enjoys broad discretion in dividing the marital property, and we will uphold its decision unless that discretion was withheld or abused. Gravel v. Gravel, 2009 VT 77, ¶ 16, 186 Vt. 250. An equitable award does not require an equal distribution of the marital assets, although we have cautioned that a significant disparity in the property division will be carefully examined to ensure that it is supported by adequate evidence and findings. Wade v. Wade, 2005 VT 72, ¶ 20, 178 Vt. 189.

Assessed in light of these standards, we discern no basis to disturb the award. We have held that a court "has discretion to make an award of property in lieu of maintenance," Cabot v. Cabot, 166 Vt. 485, 500-01 (1997), and father has made no showing that the court abused its discretion in so doing. As noted, the trial court clearly articulated its reasons for awarding the principal marital assets to wife, based principally on its findings that husband's work experience would enable him to support himself adequately until retirement while wife's lack of experience and health problems rendered her employment prospects negligible. The assets, at least until exhausted, would provide her basic support. Father challenges none of these findings, but focuses instead on certain other points, including his testimony that he also had experienced health problems, was currently working at two low-paying jobs, and was unlikely to acquire substantial future capital assets. None of these factors, however, viewed individually or as a whole, undermine the court's finding that the award to mother was necessary to maintain her financial solvency, or demonstrate that the award was inequitable or an abuse of discretion. Nor, contrary to father's claim, does the trial court's finding that father was currently unable to pay spousal maintenance undermine its decision to award property in lieu of maintenance; indeed, that is one of the reasons for making such an award.

Father also challenges the provision of the order allowing parent-child contact "at reasonable times and places." Father acknowledges that visits with the older child— sixteen years old at the time of the hearing—should be at the child's discretion. Accordingly, the sole issue concerns visits with the younger child, who was twelve years old at the time of the hearing. Father claims that the order is inappropriate and tantamount to awarding no visitation whatsoever because mother has been uncooperative in arranging visits. The court found, however, "that

2

mother has actively encouraged visits," and her testimony supported the finding. The court further found that father had been "dispirited and irregular in maintaining contact" and that the children were "not happy about going to see him." In addition, the court noted that father "had a drinking problem for at least ten years" which had contributed to mother's obtaining a relief from abuse order. The court thus concluded that, in order to put his relationship with the younger child on a healthy track, father needed to take the initiative in a number of respects, "[w]hether that involves going to their games, taking them fishing, meeting with the [younger child's] therapist, or ceasing comments on the relative merits" of mother. Father has challenged none of these findings or conclusions.

In light of the parties' history and, in particular, father's troubled relationship with the younger children, the court determined that it was in the childrens' best interest to leave visitation "somewhat vague" and place the onus on father to mend the relationship. We thus find no basis to conclude that the court abused its discretion in authorizing visitation "at reasonable times and places." See, e.g., Sullivan v. Sullivan, 147 Vt. 407, 409 (1986) (upholding order providing for parent contact "at all reasonable times and places" where there was no basis to conclude that it could not "form the basis of a workable visitation schedule"). In the event that, despite father's best interests, the parties are unable to arrange for reasonable visitation, father remains free to move to amend the contact provision.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

3