## Mary Ann Curry Bibens v. Eric Russell Bibens

[476 A.2d 134]

No. 83-069

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 6, 1984

*Trine Bech* and *Patricia Benelli,* Law Clerk (On the Brief), of *Brownell & Moeser,* Springfield, for Plaintiff-Appellee.

*Bruce M. Lawlor,* Springfield, for Defendant-Appellant.

**Billings, C.J.** In September, 1980, the plaintiff-appellee and defendant-appellant were granted a divorce in the Windsor Superior Court, pursuant to a stipulation of the parties. In January, 1983, the defendant filed a petition for modification. 15 V.S.A. § 758. In response, plaintiff filed a motion to dismiss together with a request for costs and attorney's fees. At the hearing on the parties' motions, defendant's attorney withdrew the petition for modification. The hearing went forward on the issue of plaintiff's request for attorney's fees. After hearing arguments from the attorneys for both parties, the trial judge ordered the defendant to pay the plaintiff's attorney's fees in the amount of $150.00. In his order, the judge stated that the award of fees was "[b]ased on the status of the pleadings and arguments by both counsel . . . ." No evidence was taken at the hearing.

Defendant claims that an award of attorney's fees, in the absence of an evidentiary hearing, is without authority and violates due process. The record is unclear whether defendant specifically objected to the order at the time of the hearing; normally, failure to object below precludes review in this Court. *Morissette* v. *Morissette,* 143 Vt. 52, 59, 463 A.2d 1384, 1388 (1983). Since the record is unclear, however, we will address defendant's claim.

The issue raised by defendant was recently addressed in *Buttura* v. *Buttura,* 143 Vt. 95, 463 A.2d 229 (1983). There we stated:

> that the peculiar nature of divorce and similar actions, involving almost always the financial circumstances and abilities of the parties as matters in controversy, and being matters of common occurrence . . . , *obviates the necessity for a separate hearing, or the taking of particular evidence, on the question of awarding of attorney fees or suit money.*

*Id.* at 99, 463 A.2d at 231 (emphasis added) (quoting *Ely* v. *Ely,* 139 Vt. 238, 242, 427 A.2d 361, 364 (1981)). In addition, we have previously held that a trial court may rely on its "own knowledge and experience" in awarding attorney's fees, and, absent a showing of abuse of discretion, we will not dis-

turb that award. *Young* v. *Northern Terminals, Inc.*, 132 Vt. 125, 130, 315 A.2d 469, 473 (1974). Defendant points to no abuse of the court's discretion.

Before this Court plaintiff filed a motion for attorney's fees. As a matter of discretion, and in view of the fact that this appeal had no merit, we think a reasonable award is proper.

*Affirmed; it is further ordered that the defendant shall pay to the plaintiff additional attorney's fees of $150.00 on account of this appeal.*