# Kenneth R. Ball v. Barre Electric Supply Co., Inc.

[499 A.2d 786]

No. 83-255

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 30, 1985

*Jess T. Schwidde* of *Rice & Knosher*, Montpelier, for Plaintiff-Appellee.

*Gilbert T. Normand*, Montpelier, for Defendant-Appellant.

**Per Curiam.** Defendant, Barre Electric Supply Co., appeals from a judgment rendered on a jury verdict in favor of plaintiff, Kenneth R. Ball. The lawsuit involved the plaintiff's wrongful discharge from his employment with defendant. The jury awarded the plaintiff punitive damages in addition to damages for lost wages and intentional infliction of emotional distress. On appeal, the defendant challenges the award of punitive damages and damages for emotional distress, but does not challenge the

246

jury's award of compensatory damages for breach of contract. We affirm.

During the trial, the defendant made no objection to the submission of the claims for emotional distress and punitive damages to the jury, nor did the defendant object to the court's charge to the jury on these issues. The trial court was thus denied an opportunity to correct any error it may have made concerning the permissibility of recovery on these claims. The defendant has thus failed to preserve the issues raised on appeal. See *Merrill* v. *Reville*, 135 Vt. 517, 519, 380 A.2d 96, 98 (1977) (on appeal, cannot raise, as a question of law, the sufficiency of evidence to support claim, absent motion for directed verdict on claim); *McCrea* v. *State*, 138 Vt. 517, 520, 419 A.2d 318, 319 (1980) ("claims regarding jury instructions must be raised in and ruled on by the trial court before they are ripe for appellate review."); V.R.C.P. 51(b) (party may not assign error to court's charge to jury unless he objects thereto before jury retires).

*Affirmed.*