### Joseph Repash v. Joan C. Repash

[528 A.2d 744]

No. 85-274

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 17, 1987

---

[3] V.R.C.P. 3 has since been amended. Service must now be completed within 60 days after filing of the complaint.

*Parker, Lamb & Ankuda, P.C.*, Springfield, for Plaintiff-Appellant.

*Thomas M. Rounds* and *Joyce W. Chang* of *Davis, Rounds & Sachs, P.C.*, for Defendant-Appellee.

**Allen, C.J.** Plaintiff appeals from an award of spousal maintenance pursuant to 15 V.S.A. § 752. The principal issue is whether service-connected disability benefits paid by the Veterans' Administration (V.A.) to plaintiff could be properly considered by the trial court in determining the award of spousal maintenance. We hold that such benefits were properly considered and affirm.

The parties were married in 1956. Plaintiff was a member of the U.S. Coast Guard at that time. In 1959, plaintiff left the Coast Guard due to a service-related injury. The trial court found that both the V.A. and Social Security Administration consider plaintiff 100% disabled. Defendant is also disabled, and physically unable to work.

The present action for divorce was commenced by plaintiff in 1984. At a hearing on the merits, the trial court found that defendant's sole income is $354.00 per month, received as social security disability. Defendant has no other assets. Plaintiff's income consists of $1,489.00 per month in V.A. disability benefits and $590.00 per month in social security disability, totaling $2,079.00 per month. As a result of the hearing, the trial court ordered plaintiff to pay defendant $458.00 per month in spousal maintenance. This leaves plaintiff with a net monthly income of $1,621.00 and provides defendant with a net monthly income of $812.00. Plaintiff appeals from this order.

Plaintiff's procedural argument will be addressed first. Plaintiff claims that an in-chambers conference held immediately before the hearing on the merits to consider the admissibility of his disability income was flawed because no record or findings were made and no order issued. He maintains that a record and findings were required because the conference was a pretrial conference within the meaning of V.R.C.P. 16. The sole purpose of the meeting in chambers was to consider a memorandum deemed by the parties to be a motion in limine which had been filed that day by the plaintiff. At the conclusion of the conference, the trial court indicated how it would rule on the evidence when offered. Plaintiff's failure to object to a lack of a record and order either indicated a belief upon his part that the conference was not a Rule 16 conference, or constituted a waiver of the issue. See *Ball* v. *Barre Electric Supply Co.*, 146 Vt. 245, 246, 499 A.2d 786, 787 (1985). Even assuming that the conference was a pretrial conference within the meaning of Rule 16, no prejudice has been shown by the lack of a record or written order. V.R.C.P. 61.

Plaintiff's principal claim is that the trial court erred by considering his disability benefits in its award of spousal maintenance; plaintiff relies primarily on 38 U.S.C. § 3101(a) and *McCarty* v. *McCarty*, 453 U.S. 210 (1981).

■ 38 U.S.C. § 3101(a)[1] protects recipients of disability benefits from the claims of creditors and provides security to the recipient's family and dependents. *Parker* v. *Parker*, 335 Pa. Super. 348, 351, 484 A.2d 168, 169 (1984). Section 3101(a) does not apply in the present case, however, since a wife seeking spousal maintenance is not a "creditor" under the statute. *Id.* Veteran's disability benefits may be considered for alimony or spousal maintenance payments. *Mims* v. *Mims*, 442 So. 2d 102, 104 (Ala. Civ. App. 1983); *Parker*, 335 Pa. Super. at 351, 484 A.2d at 169. Further, the instant proceeding is not litigation in which the wife

---

[1] U.S.C. § 3101(a), entitled "Nonassignability and exempt status of benefits," provides in pertinent part:

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

seeks to attach, levy or seize plaintiff's veterans benefits. *Parker, supra.* While 38 U.S.C. § 3101(a) would preclude an assignment or apportionment of plaintiff's veteran disability benefits, it does not preclude consideration of disability benefits by a trial court as a source of income upon which an award of alimony may be based.

Plaintiff also argues that *McCarty* v. *McCarty* and the subsequent congressional enactment of 10 U.S.C. § 1408 bars service-connected disability payments from such consideration. *McCarty* involved a property award based on a share of nondisability retirement pay pursuant to state community property law. *McCarty,* 453 U.S. at 210.

*McCarty* held that federal law preempted California's community property division of an army officer's military retirement benefits. The United States Supreme Court reasoned that Congress intended the veteran to have exclusive ownership rights over his pension. Its holding, however, was specifically restricted to military nondisability retirement pay. *Id.* at 213. Distinctions between retirement pay and veteran disability benefits, as well as the federal statutory schemes regulating each area, convince us that *McCarty* is not dispositive of the present case. *McCarty* involved a property division based on an appeal from California, a community property state, whereas this appeal involves a spousal maintenance award, not a property award, arising in an equitable distribution state. *McCarty* does not preclude consideration of plaintiff's disability benefits for spousal maintenance since that case did not involve alimony or maintenance obligations. See *Cullen* v. *Cullen,* 413 So. 2d 1196, 1198 (Fla. Dist. Ct. App. 1982); *Higgins* v. *Higgins,* 408 So.2d 731, 732 (Fla. Dist. Ct. App. 1982).

Plaintiff next relies upon 10 U.S.C. § 1408. The Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408, was enacted by Congress in 1982 to overrule *McCarty.* See *In re Marriage of Hopkins,* 142 Cal. App. 3d 350, 360, 191 Cal. Rptr. 70, 77 (1983). Its purpose was to permit state courts to treat military retired pay as either separate or marital property, according to state law.[2] It addresses property division of retirement

---

[2] 10 U.S.C. § 1408(c)(1) provides that:

> [A] court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, [*McCarty* decided June 26, 1981] either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

pay, not disability benefits, and permits a trial court to award up to 50 percent of "disposable retired or retainer pay" to a nonmilitary spouse. An exception was created, however, for disability benefits, 10 U.S.C. § 1408(a)(4),[3] and it is upon that provision which plaintiff relies to argue that his disability pay can not be considered for maintenance. Plaintiff's reliance is misplaced, however, since only disability benefits received in lieu of retirement benefits are not subject to division. See 10 U.S.C. § 1201; 38 U.S.C. § 3105. Here, plaintiff's disability benefits were not received in lieu of retirement pay; further, this case does not concern a property division and thus falls outside the authority of 10 U.S.C. § 1408. Plaintiff's disability benefits were therefore not precluded from being considered in an award of spousal maintenance.

The final issue on appeal involves attorney's fees. Defendant has requested that she be awarded reasonable attorney's fees and costs incurred incident to this appeal in the amount of $2,000. This Court has previously exercised its appellate jurisdiction and awarded attorney's fees where warranted. *Bibens* v. *Bibens*, 144 Vt. 287, 289, 476 A.2d 134, 135 (1984).

In *Bibens*, however, the appeal "had no merit." *Id*. This case, on the other hand, presented a novel question of law. Defendant's request is therefore denied.

*Affirmed; request for attorney's fees denied.*

---

[3] 10 U.S.C. § 1408(a)(4) provides that:

"Disposable retired or retainer pay" means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member retired for disability under chapter 61 of this title) less amounts which—

. . . .

(B) are required by law to be and are deducted from the retired or retainer pay of such member, including . . . amounts waived in order to receive compensation under title 5 or title 38 [Veterans' Benefits].