## Jamie Bissonette v. Maria Gardner Gambrel

[564 A.2d 600]

No. 89-100

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ.**

Opinion Filed June 30, 1989

*Caldbeck & Schweitzer*, Shelburne, for Plaintiff-Appellant.

*Eileen M. Blackwood* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellee.

**Peck, J.** Plaintiff, Jamie Bissonette, appeals from final judgment in an action under the Parentage Proceedings Act, 15 V.S.A. §§ 301–306, that awarded custody of his child to defendant, Maria Gardner Gambrel. We affirm.

On April 12, 1988, a boy was born to defendant and plaintiff out of wedlock. Defendant cared for the baby in her home from birth. She has two other sons, who were ages eight and three at the birth of their half-brother. Currently unmarried, she is supported by government assistance, works one day per week and lives with her mother who provides income to the family. Plaintiff is single, has no other children, and has a "modest" income.

In making its custody decision, the trial court relied on 15 V.S.A. § 665(b), which sets out standards for custody determinations in the context of divorce proceedings. Neither party disputes that these standards, which focus on the "best interest of the child," should be applied. On appeal, plaintiff attacks the findings of the trial court, alleging that the best interests of the infant were "virtually left unaddressed," and challenges the award of attorney's fees to defendant.

The law governing custody decisions requires that the trial court consider the eight factors enumerated in § 665(b), and make findings on as many of those factors as the evidence will support. See *Poulin v. Upham*, 149 Vt. 24, 26 n.*, 538 A.2d 181, 182 n.* (1987). Consideration of these factors requires comparison of the attributes of each parent for the enumerated qualities and cannot be decided "solely [upon a] showing that the other parent's actual or expected performance with respect to that factor is inadequate." *Harris v. Harris*, 149 Vt. 410, 418, 546 A.2d 208, 214 (1988). Once these findings are made, however, they "will not be set aside upon appeal unless, 'taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous.'" *Poulin*, 149 Vt. at 28, 538 A.2d at 183 (quoting *Sutton v. Sutton*, 147 Vt. 639, 640, 523 A.2d 1249, 1250 (1987)). We further note that the "trial judge has a broad discretion in determining what is in the best interests of

children .... In many instances he will be able to draw upon his own common sense, his experience in life, and the common experience of mankind and be able to reach a reasoned judgment ...." *Harris*, 149 Vt. at 416, 546 A.2d at 213 (quoting with approval *Krug v. Krug*, 647 S.W.2d 790, 793 (Ky. 1983)); see also *Senesac v. Senesac*, 135 Vt. 24, 25, 370 A.2d 214, 214-15 (1976).

■ The findings made by the trial court are not clearly erroneous. While many factors favored the father, the trial court found that the mother was the primary care provider. Where the finding that one parent is the primary caretaker is supported on the record, it is not error to diminish to some degree the importance of other tangible considerations.

> [T]his factor should be entitled to great weight unless the primary custodian is unfit. The exact weight cannot be determined unless there is evidence of the likely effect of the change of custodian on the child. In the absence of such evidence, the court should ordinarily find that the child should remain with the primary custodian if that parent is fit.

*Harris*, 149 Vt. at 418-19, 546 A.2d at 214 (footnotes omitted).

■ The court found fault with some of defendant's behavior, but stopped far short of finding that she was an unfit parent. Evidence in the record that defendant made it difficult for the father to be the care provider due to her animosity and rebuff of his participation does not outweigh defendant's relationship with the child. The focus of the court's decision must be the best interest of the child, not equity between the parties. See *Price v. Price*, 149 Vt. 118, 121, 541 A.2d 79, 83 (1987).

■ The court looked to the "normal progress" of defendant's other two sons as concrete evidence of her parenting abilities. Plaintiff entered evidence that demonstrated his ability to care for the child even though he had not previously been a parent. The trial court found, however, that plaintiff's proof, including his potential parenting skills and experience with his son and other children, did not outweigh defendant's experience in rearing children. The plaintiff may in fact prove, over time, to be a superior parent, but the trial court acted within its

discretion in deciding in favor of the mother on the record before it.

The visitation order rendered by the trial court allotted two six-hour periods and no overnight visitation to plaintiff. Plaintiff contests the visitation order as unsupported by the evidence. The child's appointed guardian also contested the visitation schedule on the motion for a new trial, arguing that the order awarded substantially less visitation than plaintiff had enjoyed prior to the custody hearing.

██ The order is based on the court's contention that extensive visitation is "disruptive" to the child. "We will not set aside a judgment solely because we would reach a different conclusion on the facts." *Id.* at 120–21, 541 A.2d at 81 (citation omitted). To the extent that the findings relative to visitation are separately noted in the record, the trial court based its order on the testimony of defendant's expert and on published treatises. The order reflects the court's determination of the best interest of the child and was not error.

█ Plaintiff argues that the court should not have disregarded the testimony of the court-appointed expert who concluded that plaintiff should have custody of the child. This was not error in light of the court's findings which set out its reasons for finding the expert unpersuasive. See *Bonanno v. Bonanno*, 148 Vt. 248, 251, 531 A.2d 602, 604 (1987). Plaintiff raises other arguments regarding the findings of the trial court. These, however, need not be addressed given our disposition of the custody issue.

 Finally, plaintiff contends that the court's award of attorney's fees to defendant was error where she was represented pro bono, and no hearing was held on plaintiff's financial situation. No separate hearing need be held in cases involving child support in order to award attorney's fees pursuant to 15 V.S.A. § 606. See *Bibens v. Bibens*, 144 Vt. 287, 288, 476 A.2d 134, 135 (1984). While § 606 is not directly applicable to an action under 15 V.S.A. § 301 et seq., we find the proceeding analogous to a custody/support hearing. Abuse of discretion has not been shown such that we would disturb the award. *Bibens*, 144 Vt. at 288–89, 476 A.2d at 135. While the case was allegedly accepted on a pro bono basis by

defendant's lawyers, their motion to award attorney's fees suggests otherwise. Further, it is clear that evidence was introduced at the hearing on the merits as to the financial circumstances of the parties and that the court took these circumstances into account in making its award. See *Ely v. Ely*, 139 Vt. 238, 242, 427 A.2d 361, 363 (1981).

Defendant requests that this Court similarly award attorney's fees on appeal. The trial court, however, noted that its award was limited in order to facilitate plaintiff's appeal. In order to uphold the spirit of that award we deny defendant's request.

*Affirmed.*