2007 VT 2

**Joseph P. KASPER v. Eileen KASPER**

[917 A.2d 463]

No. 06-171

¶ 1. January 4, 2007. Father appeals the family court's final divorce decree in which the court assigned physical rights and responsibilities for both of the couple's minor children to father but assigned legal rights and responsibilities for the youngest child, Masen, to mother. Father received legal rights and responsibilities for Nolan.

¶ 2. Joseph and Eileen Kasper were married in 1985. They separated in 2004. They have two minor children, Nolan, age seventeen, and Masen, age six. Mother was willing to share parental rights and responsibilities for the two minor children, but father refused. Thus, the trial court had to award sole legal and physical rights and responsibilities to one parent or the other. The court found that mother was the primary caregiver until each of the children reached school age, and she brought them to work with her when it was necessary for her to do so. Mother has demonstrated love and affection and has consistently addressed their medical needs. Mother was the primary source of regular income for the family, and she paid all of the household bills. As the children entered school, father adjusted his work schedule to better help the children get ready for school. He was also home when they got home. The minor children have primarily resided with father since the separation, although Nolan attends boarding school. Father has been primarily responsible for daily care of Masen and for getting both boys to sporting events.

¶ 3. In evaluating the factors set forth in 15 V.S.A. § 665, the family court concluded that both parties had involved the children in their marital disputes, "including within the court's observation. Mr. Kasper has done this to a greater extent than Ms. Kasper. In addition, he has fostered the children's alienation from their mother." The court determined both parties to be equally capable of providing for their children's present and future developmental needs. The court agreed with father that neither Nolan nor Masen would benefit from moving their primary residence to mother's home; however, the court concluded that "Eileen Kasper has demonstrated parental judgment at least equivalent to that of her husband. She has participated in her children's sports activities without giving them undue precedence. She has always been the primary decision-maker regarding nonemergency medical care." The family court noted that Nolan demonstrated significant alienation from his mother. "The estrangement between Nolan and his mother renders it impossible for her to exercise legal rights and responsibilities by consulting with him and seeking his input regarding her decision making. At 17 years old, a child should be able to participate in this process." Thus, the family court agreed that father should have both legal and physical rights and responsibilities for Nolan.

¶ 4. The court determined that Masen's relationship with his mother was strong, and that it was in his best interests to protect that relationship. Granting father all decision-making authority would likely exclude mother from the process completely. The court noted that if parents cannot agree, one party must have the ability to make decisions on behalf of

the child. "But that requirement does not lead inexorably to the conclusion that one parent must be awarded *all* rights and responsibilities." *Shea v. Metcalf*, 167 Vt. 494, 500, 712 A.2d 887, 890-91 (1998). Therefore, the family court awarded physical rights and responsibilities for Masen to father, but it awarded legal rights and responsibilities to mother.

¶ 5. "The family court has broad discretion in awarding custody, and its findings will not be overturned unless clearly erroneous." *Payrits v. Payrits*, 171 Vt. 50, 52-53, 757 A.2d 469, 472 (2000). Where the family court's award of custody reflects its reasoned judgment in light of the record evidence, its decision may not be disturbed. *Porcaro v. Drop*, 175 Vt. 13, 18, 816 A.2d 1280, 1285 (2002).

¶ 6. Father first argues that the trial court's conclusions were not supported by the evidence. To support this claim, father submits numerous arguments about what the testimony showed. For example, he asserts that "[t]he court incorrectly found that Joe had returned Christmas presents to Eileen that she had sent to the children, when, in fact, the uncontroverted testimony was that the children 'had to take them back' because the clothes smelled bad." Father also objected to the trial court's implication that he overemphasized his sons' participation in sports. Having examined the transcript, the Court concludes that the family court made no error in describing the evidence in the manner that it did. The family court, in exercising its broad discretion in custody determinations, is entitled to "draw upon [its] own common sense, ... experience in life, and the common experience of mankind and be able to reach a reasoned judgment." *Bissonette v. Gambrel*, 152 Vt. 67, 70, 564 A.2d 600, 601 (1989). The family court's conclusions were supported by the evidence in this matter.

¶ 7. Father next argues that awarding mother legal rights and responsibilities was an abuse of discretion. Specifically he contends that mother's past mental health problems make her unfit to exercise legal custody over Masen. He also claims that awarding mother legal rights and responsibilities is not in Masen's best interests. The family court addressed both concerns. The court found that although mother was as capable as father of providing Masen with food, clothing, medical care, and material possessions, her mental health issues weighed against awarding her physical rights and responsibilities. The court also stated that both parents could provide Masen with love and affection, but there was little evidence that either could provide appropriate guidance. The court found that the parents had equal ability to provide for Masen's present and future developmental needs. In addition, neither parent had much ability to foster a positive relationship between Masen and the other parent, but mother's behavior had been less egregious than father's. The court concluded that it was in Masen's best interest to maintain relationships with both of his parents. The relationship between the parents, as testified to and observed throughout the proceeding, left the court with doubt that father would foster a relationship between Masen and his mother absent a court order. Father suggests that the family court could have effected this same result using other tools, such as requiring father to consult with mother on major decisions. See 15 V.S.A. § 665(d) ("[t]he court may order a parent who is awarded responsibility for a certain matter ... to inform the other parent when a major change in that matter occurs."). Whether the family court had other effective options is not the focus of our inquiry. This Court must determine whether the family court abused its discretion in choosing the

564

option it did. Having considered the record that was before the family court, we cannot conclude that the judgment in this case was unreasonable.

*Affirmed.*