2011 VT 92

# Carol A. Cote v. Alan B. Cote

[30 A.3d 1279]

No. 10-057

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed August 12, 2011

*Andy MacIlwaine* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Plaintiff-Appellee.

*Marsha Smith Meekins, LLC*, South Burlington, for Defendant-Appellant.

¶ 1. **Burgess, J.** Alan Cote appeals from the Chittenden Family Court's garnishment order directing the Social Security Administration to withhold defendant's Social Security disability benefits in the amount of $1569 per month to offset alimony arrearages. Husband receives $1569 in Social Security disability and $2721 in veterans' disability benefits each month. He contends the garnishment order violates 15 U.S.C. § 1673, a provision of the Federal Consumer Credit Protection Act, which imposes a cap on the percentage of aggregate disposable earnings that any court, state or federal, may garnish. While the trial court garnished only husband's Social Security disability benefits and not his veterans' disability benefits, the court did include the latter in its calculation of aggregate disposable earnings. This broad calculation of disposable earnings increased the percentage of husband's Social Security payments subject to garnishment. Husband contends that, as defined and excluded from such a calculation by federal law, his particular veterans' disability benefits are not to be counted as earnings because they are not paid for a service related disability and are not received in lieu of retirement payments to which he would otherwise be entitled as earnings. We agree, and so reverse and remand.

¶ 2. In 2000, Carol and Alan Cote divorced. The court's final divorce order directed husband to pay spousal support to wife in the amount of $2000 per month. Husband did not pay the full amount of his support obligation; instead he made partial payments each month while contributing to wife's living expenses by paying some of her rent and mortgage payments, purchasing a vehicle for her, and making payments to a daughter. Husband ceased partial payments in 2008.

¶ 3. Wife filed a motion to enforce the support order. Husband submitted an itemization of his income and expenses indicating income consisting of veterans' disability pay and Social Security disability pay. Husband moved to modify the spousal maintenance award, and requested relief from judgment. The court denied husband's motions and entered an order granting judgment to wife for husband's arrearages in the amount of $95,385.33, together with post-judgment interest at 12% per annum. Despite the court's order, husband made no payments to wife and shortly thereafter ceased making her mortgage payments.

¶ 4. After receiving a foreclosure letter from her mortgagee in 2009, wife filed an emergency motion to enforce the spousal support award asking the court to garnish the entirety of husband's Social Security disability benefits to satisfy the judgment. Husband objected. Citing 15 U.S.C. § 1673, husband argued that wife was entitled to garnish only a fraction of his monthly Social Security disability check. This law limits garnishment to 55% of husband's aggregate disposable income. 15 U.S.C. § 1673(b)(2). Husband claimed that § 1673 excluded his veterans' disability benefits from "aggregate disposable earnings" subject to garnishment. Thus, asserted husband, the court could garnish a maximum of $862.95, which is 55% of his Social Security disability income, but not 55% of his total monthly benefits, which include both his Social Security benefits and veterans' disability benefits payments.

¶ 5. In August 2009, the family court granted wife's motion to garnish, noting that "federal statutes authorize [garnishment of husband's] Social Security disability payments for payment of alimony arrearages." Not persuaded by husband's argument, however, the family court entered a garnishment order requiring the Social Security Administration to withhold 100% of husband's Social Security disability benefits in the amount of $1569 and to forward the payments to wife. In its order the court noted that "the sum of $1569.00 is less than 55% of defendant's aggregate disposable earnings of $4290.00/mo. The defendant is supporting a spouse." Absent from the court's garnishment order was any mention of husband's veterans' benefits, but these were evidently included in the court's calculation to arrive at its figure for aggregate disposable earnings of $4290 per month. His monthly Social Security benefits are $1569, and his veterans' disability benefits are $2721, which added together total $4290.

¶ 6. On appeal, husband again argues that the garnishment order violates the limits on the total amount of an individual's

earnings that may be garnished under § 1673, because the court impermissibly included his veterans' disability benefits as aggregate disposable earnings. Husband notes that federal law restricts garnishment of veterans' disability benefits to only those benefits paid as "remuneration for employment." 42 U.S.C. § 659(a), (h). Husband posits that because his veterans' disability payments are (1) compensation for a nonservice-connected disability, and (2) are not received as a substitute for a pension or other post-work benefit based on prior employment, these benefits are not "remuneration for employment" as defined by federal law.

¶ 7. Accordingly, husband maintains, since his veterans' disability benefits are not "remuneration for employment," they cannot be considered "disposable earnings" and should have been excluded from the trial court's aggregate disposable earnings calculation under § 1673. Husband contends that the family court's inclusion of the veterans' disability benefits incorrectly inflated his disposable income available for garnishment. As a consequence, rather than limiting its garnishment to 55% of husband's aggregate disposable income as represented by his Social Security benefits, the family court garnished 55% of all of those earnings in violation of § 1673(b)(2).

■ ¶ 8. Husband's argument "presents a pure issue of law which we review de novo." *Meyncke v. Meyncke*, 2009 VT 84, ¶ 6, 186 Vt. 571, 980 A.2d 799 (mem.). Applying this standard, we hold that federal law precludes the inclusion of nonservice-connected veterans' disability benefits not received in lieu of retired or retainer pay in calculating aggregate disposable earnings available for garnishment. The family court's garnishment order was therefore erroneous.

¶ 9. Vermont law, 15 V.S.A. § 783(a), does not preclude the trial court's order, but garnishment is limited by federal statute. See, e.g., 42 U.S.C. § 659. Congress has established an expansive regulatory scheme dictating how garnishments to enforce a support order must be processed and what moneys may be so diverted. One part of that scheme, 15 U.S.C. § 1673, limits the percentage of an individual's income subject to garnishment. In particular, § 1673(b)(2) limits the amount of an individual's "aggregate disposable earnings" subject to garnishment to 55%, if the individual being garnished is supporting a spouse and the garnishment is in connection with enforcement of a spousal support

order with respect to a period prior to the last earning period. Both parties agree that the court was authorized to garnish husband's Social Security disability benefits and, by extension, count those benefits in the calculation of aggregate disposable earnings under federal garnishment law. See 42 U.S.C. § 659(h)(1)(A)(ii)(I) (permitting garnishment of payments under the Social Security insurance system); 15 U.S.C. § 1673.

¶ 10. The parties' dispute centers on whether husband's veterans' disability benefits can also be counted as part of his aggregate disposable earnings. According to husband, his veterans' benefits are nonservice-connected disability pay given as compensation for "injuries and/or diseases that were made worse by his active military service." In addition, husband asserts he did not meet armed forces eligibility requirements for military pension benefits included in "earnings" for purposes of garnishment. See 42 U.S.C. § 659(h)(1)(A)(ii)(II) (stating that "remuneration for employment" consists of "periodic benefits" paid by the United States under any system providing for the payment of pensions and subject to garnishment for the purpose of support orders). Nor did husband waive any such pension pay in order to receive the disability compensation in lieu of earnings. Wife does not dispute these characterizations.

¶ 11. To determine if husband's benefits fall into "aggregate disposable earnings" we look to the applicable federal statutes. For the purposes of 15 U.S.C. § 1673, "earnings" are in relevant part defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise." 15 U.S.C. § 1672(a). "Disposable earnings" are broadly defined as "earnings" less amounts like payroll and withholding taxes that are "required by law to be withheld." *Id.* § 1672(b).

¶ 12. Military pensions and other veterans' benefits are included in "earnings." As part of the Child Support Enforcement Act of 1975 (CSEA), which amended the Social Security Act to enforce "support obligations owed by absent parents to their children," Social Services Amendments of 1974, Pub. L. No. 93-647, 88 Stat. 2337, Congress authorized garnishment of moneys "due from, or payable by, the United States . . . to any individual, including members of the Armed Forces," for the purposes of enforcing an individual's "legal obligation . . . to provide . . . alimony." 42 U.S.C. § 659(a). The United States Code, 42 U.S.C. § 659, lists

specific forms of moneys due from or payable by the United States that are subject to garnishment process, including service-connected disability benefits paid by the Veterans Administration to a former serviceman, but only to the extent the veteran waives military pension pay to receive the disability payments instead. 42 U.S.C. § 659(h)(1)(A)(ii)(V). All such benefits are considered to be "remuneration for employment." 42 U.S.C. § 659(h)(1).

¶ 13. As observed by husband, however, 42 U.S.C. § 659(h)(1) clarifies that all other veterans' benefits are not "remuneration for employment" and thus not garnishable. The section states, "moneys payable [by the United States] which are considered to be based upon *remuneration for employment*, for purposes of this section . . . do not include any payment . . . of periodic benefits under title 38, United States Code [— the title providing veterans' benefits —] except as provided in subparagraph (A)(ii)(V)." 42 U.S.C. § 659(h)(1) (emphasis added). Husband receives his disability benefit because of an acceleration of a pre-existing medical condition, but not in lieu of some other benefit or pay due upon retirement or on account of employment as required by § 659(h)(1)(A). Husband's veterans' disability benefits are independent from, and not in lieu of, benefits paid in return for employment, and thus fall within the category of other veterans' benefits exempted from garnishment under § 659(h)(1)(B).

¶ 14. The Code's classification of husband's benefits as not based upon remuneration for employment provides clear statutory guidance to the interpretation of 15 U.S.C. § 1673. The dictionary definition of "remuneration for employment" is nearly identical to 15 U.S.C. § 1672's definition of earnings as "compensation paid or payable for personal services." Compare the definition of "remuneration" as "[p]ayment; compensation," Black's Law Dictionary 1322 (8th ed. 2004) with "employment" as "[w]ork for which one has been hired and is being paid," *id.* at 566; see also *id.* at 1180 (explaining "personal service" as "an economic service involving . . . personal effort of an individual"). Reading 15 U.S.C. §§ 1672 and 1673 and 42 U.S.C. § 659 in tandem indicates that because husband's veterans' disability benefits are not premised upon remuneration for employment they are not "compensation paid or payable for personal services" and so do not count toward his aggregate disposable earnings.

¶ 15. Federal regulations promulgated by the Office of Personnel Management governing processing of garnishment or-

ders for child and spousal support bolster this reading. With respect to "amounts due from, or payable by, the United States or the District of Columbia which are garnishable under the Consumer Credit Protection Act for child support and/or alimony," "[a]ggregate disposable earnings" are generally defined as "remuneration for employment less [certain excluded amounts.]" 5 C.F.R. § 581.401.[1] There is linkage, therefore, between 42 U.S.C. § 659's classification of husband's veterans' disability benefits as not based on remuneration for employment and 15 U.S.C. § 1673's "aggregate disposable earnings" using the same common language to designate income that may be subject to garnishment.

¶ 16. This reading of 42 U.S.C. § 659 and 5 C.F.R. § 581.401 to suggest that husband's benefits cannot be included under 15 U.S.C. § 1673 comports with a plain reading of 15 U.S.C. § 1673 and 15 U.S.C. § 1672, which defines its terms. Based on the limited record, the Veterans Administration is not compensating husband for work performed while a member of the military, but rather for a disability the origins of which are not work-related. This is consistent with 15 U.S.C. § 1672's definition of the word "earnings" as used in "aggregate disposable earnings." See 15 U.S.C. § 1672(a) (defining "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise").

¶ 17. While conceding that 15 U.S.C. § 1672(a) and 5 C.F.R. § 581.401 do not appear to expressly include veterans' disability benefits, wife nonetheless raises several points in support of her claim that such benefits were, or should be, properly included in the family court's calculation of husband's aggregate disposable earnings. The crux of her argument is that the underlying purposes of federal garnishment law require that husband's benefits be included in his aggregate disposable earnings. She primarily rests her arguments on the United States Supreme Court's reasoning in *Rose v. Rose*, 481 U.S. 619 (1987), and this Court's analysis in *Repash v. Repash*, 148 Vt. 70, 528 A.2d 744 (1987). Neither argument is convincing.

---

[1] We note that 5 C.F.R. § 581.401 may not be literally applicable, insofar as the regulation limits its definition of "aggregate disposable earnings" to "garnishable" payments by the federal government, while husband's benefits may not be garnished under 42 U.S.C. § 659. Regardless of whether this subsection technically applies to husband's benefits, it evinces an understanding by the regulating agency that remuneration for employment and aggregate disposable earnings are synonymous.

¶ 18. At issue in *Rose* was the state court's authority to hold an obligor in contempt for failing to pay child support where the obligor's only means of satisfying his obligation was to draw from his veterans' disability benefits. While *Rose* did not involve garnishment, the Court examined the question of whether the ban on garnishment of veterans' disability benefits contained in 38 U.S.C. § 5301 (as amended from then 38 U.S.C. § 3101) precluded the state court's award. See 38 U.S.C. § 5301(a)(1) ("Payments of benefits due or to become due under any law administered by the Secretary [of Veterans' Affairs] shall not be assignable except to the extent specifically authorized by law . . . .").[2] Because, the Court noted, veterans' benefits are intended to adequately compensate veterans and their families for disabilities incurred or aggravated by or in active service, it held that "Congress clearly intended veterans' disability benefits to be used, in part, for the support of veterans' dependents." *Rose*, 481 U.S. at 630-31. In light of this, the Court concluded that once the Veterans Administration delivers the funds to the veteran a state court may require the veteran to use the funds to satisfy a support order. *Id.* at 635.

■ ■ ¶ 19. Wife contends that the Court's reasoning in *Rose* justifies including husband's veterans' benefits in calculating disposable income for alimony garnishment. As sensible as that argument is, federal statutory law requires otherwise, for at least three reasons. First, *Rose* did not involve a garnishment order which would obligate the federal government, as payor of husband's benefits, to deduct and divert a portion of his payment directly, but rather involved only a support order obligating a spouse to make payments. In this sense, the order was analogous to the earlier family court order in this case requiring husband to make support payments, and not like the family court's 2009 garnishment order at issue here. Consequently, *Rose* did not examine federal law bearing on what is garnishable and what is not. Second, as discussed in ¶¶ 10-14, *supra*, husband's veterans'

---

[2] Though 38 U.S.C. § 5301 explicitly exempts veterans' benefits from assignment, 42 U.S.C. § 659, as discussed in ¶ 12, *supra*, allows an exception for garnishment to enforce a support order of disability benefits that are "based upon remuneration for employment," and also reiterates that all other benefits are exempt. See 42 U.S.C. § 659(h)(1) (allowing garnishment of service-connected disability benefits received *in lieu of* retired or retainer pay, and barring garnishment of all other "periodic benefits under title 38").

disability benefits are not remuneration for employment and thus cannot plausibly be considered "earnings" for the purpose of 15 U.S.C. § 1673. Third, the federal laws limiting garnishment of federal payments, 15 U.S.C. § 1673 and 42 U.S.C. § 659(h)(1)(B), specifically apply to support cases. The plain purpose of these statutes, wisely or not, is to limit the reach of garnishment orders to satisfy support obligations. Wife's insistence that unfettered garnishment of federal benefits would better serve families victimized by nonpayment of court-ordered support remains at war with a contrary policy ultimately adopted by Congress as expressed in its legislation.

¶ 20. Wife also notes this Court has held that veterans' benefits may be included in the family court's calculation of an award for spousal maintenance and argues that this principle should be extended to the calculation of an obligor's disposable income for garnishment to enforce a support award. In *Repash*, the obligor's service-connected disability payments were "not precluded from being considered in an award of spousal maintenance" under federal law. *Repash*, 148 Vt. at 74, 528 A.2d at 746. But like *Rose*, *Repash* did not involve garnishment and thus had no reason to consider the garnishment limitations expressed in 15 U.S.C. § 1673 or 42 U.S.C. § 659. Since these statutes speak clearly to the present question, the reasoning in *Repash* does nothing to alter that legislation. Whether veterans' disability payments may be considered when making a spousal award is, under Congress's statutory scheme, simply a different question from whether such payments may be considered in making a garnishment order.

¶ 21. Husband's veterans' disability benefits are not remuneration for employment and may not be included in calculating the portion of his aggregate disposable earnings available for garnishment under 15 U.S.C. § 1673. The family court may include husband's Social Security disability benefits and any other eligible income. The court may not direct the Social Security Administration to withhold more than 55% of his aggregate disposable earnings for garnishment.

*Reversed and remanded for proceedings consistent with this opinion.*