VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-237



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

Tammy Wood v. Russell Wood*

}  APPEALED FROM:
}  Superior Court, Windsor Unit,
}  Family Division
}  CASE NO. 268-10-19 Wrdm
Trial Judge: Heather J. Gray

In the above-entitled cause, the Clerk will enter:

Husband appeals from the superior court's final order dividing marital property and awarding spousal maintenance to wife.  We affirm.

The record contains the following facts.  The parties married in 2003 and lived in Vermont until 2014, when they moved to Louisiana.  There were no children of the marriage.  In 2018, the parties separated and wife moved back to Vermont.

In 2019, wife filed a complaint for divorce in Vermont superior court, including a request for property division and spousal maintenance.  Husband appeared in the case to request a continuance, which the court denied.  In February 2020, the Vermont court issued a temporary order directing husband to pay wife $1500 per month in spousal maintenance.

In April 2020, husband filed for divorce in Louisiana.  Wife's attorney entered a special appearance in the Louisiana court for the purpose of challenging personal jurisdiction and filed a motion to dismiss the action on that basis.  The Louisiana court granted a divorce in June 2020 but did not adjudicate any other issues.

The Vermont court scheduled a final hearing for July 2021.  Just prior to the hearing, husband moved to dismiss the action, arguing that the Vermont court lacked jurisdiction to adjudicate spousal maintenance because the Louisiana court had already asserted jurisdiction to dissolve the marriage.  The Vermont court granted husband's motion to dismiss as to dissolution of the marriage because that issue had been adjudicated by the Louisiana court.  The court otherwise denied the motion, concluding that under the doctrine of divisible divorce, the Louisiana court had status jurisdiction to dissolve the marriage but lacked personal jurisdiction over wife as to other issues such as spousal maintenance.  Wife subsequently moved to dismiss the Louisiana action, and the Louisiana court granted her motion in September 2022.

Meanwhile, husband renewed his motion to dismiss the Vermont proceeding for lack of jurisdiction. The court denied husband's motion as moot due to the dismissal of the Louisiana proceeding.

Following a final hearing that took place over two days in July 2023 and January 2024, the Vermont court issued a final order dividing the marital property, which consisted of approximately $10,000 in proceeds from the sale of a parcel of land the parties had owned. It ordered husband to pay wife $1500 per month in spousal maintenance for four years. It also found that husband owed wife $72,000 in unpaid maintenance under the temporary order and ordered him to pay her $750 per month until the arrearage was paid in full. Husband moved to alter or amend the judgment, arguing among other things that the court erred in awarding spousal maintenance because it was prohibited from considering his municipal pension, veterans' disability benefits, and Social Security Disability Insurance (SSDI) benefits as income for that purpose. The court denied husband's motion. Husband appeals.

Husband first argues that the court erred in denying his motion to dismiss for lack of subject-matter jurisdiction. Husband asserts that the Louisiana court had personal jurisdiction over wife and wife could have presented her evidence to that court. Husband argues that because the Louisiana court had the power to adjudicate maintenance and did not do so, wife was precluded from obtaining maintenance in Vermont under Grant v. Grant, 136 Vt. 9 (1978).

"We review a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11 (quotation omitted).

The parties agree that the Louisiana court had jurisdiction to end their marriage and that the divorce is entitled to full faith and credit. See Williams v. N. Carolina, 317 U.S. 287, 298-99 (1942) ("[E]ach state by virtue of its command over its domiciliaries and its large interest in the institution of marriage can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent."). "Under the doctrine of 'divisible divorce,' however, issues other than the dissolution of the marriage are severed from the divorce action when the court does not have personal jurisdiction over one spouse; in that case, the judgment does not resolve issues other than the marital status of the parties." Poston v. Poston, 160 Vt. 1, 5 (1993). If the foreign court lacks jurisdiction to determine the other issues in the divorce, "we need not give its judgment, other than that ending the parties' marital status, binding effect in Vermont." Id. In Poston, we held that a Texas court's decisions on child support and maintenance were not entitled to full faith and credit because, although it had in rem jurisdiction to end the parties' marriage, it lacked personal jurisdiction over wife and therefore could not adjudicate the other issues. Id. at 6-7.

Here, the Vermont court found that wife lacked the requisite minimum contacts with Louisiana to subject her to the authority of that court. See id. (explaining that constitutional test for personal jurisdiction is whether nonresident has "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (quotation and alteration omitted)). The court reasoned that there was no evidence that wife currently carried out any activities in Louisiana, she had never subjected herself to the jurisdiction of the Louisiana court, and she had not lived in the state for over eighteen months. Although husband asserted in an affidavit that "[a]ny property that may be deemed a marital asset in which [p]laintiff may have any interest is solely located in the State of

Louisiana," husband's motion and his Louisiana divorce petition did not identify any specific property owned by wife in Louisiana. Further, the Louisiana court did not assert personal jurisdiction over wife in its order. The Vermont court therefore concluded that it could adjudicate the issues of spousal maintenance and property division because unlike the Louisiana court, it had personal jurisdiction over both parties.

The court did not err in concluding Louisiana lacked personal jurisdiction over wife on the record before it. The mere fact that wife previously lived with husband in Louisiana did not automatically confer jurisdiction because she subsequently had changed her domicile. See Poston, 160 Vt. at 6-7 (holding wife's prior residence in Texas for three years and birth of first child there did not confer personal jurisdiction where she had subsequently moved to Vermont and had no other ties to Texas). Similarly, husband's vague reference to jointly owned marital property, without any supporting evidence or citation to authority, was inadequate to prove that wife had the requisite minimum contacts with Louisiana. See Shaffer v. Heitner, 433 U.S. 186, 212-14 (1977) (holding that ownership of property alone does not necessarily confer personal jurisdiction over nonresident defendant; jurisdiction must be assessed according to standard set forth in International Shoe v. Washington, 326 U.S. 310 (1945)). Because husband failed to meet his relatively minimal burden of demonstrating facts which would support a finding of jurisdiction—apparently because he believed that only the Louisiana court could determine this issue—the court did not err in concluding otherwise. Nor did the court abuse its discretion in denying husband's motion for reconsideration of that issue, which he styled as a motion for relief from judgment, when the facts and arguments upon which the motion were based were available to him from the outset of the litigation and he waited over a year to bring them to the court's attention. See Darken v. Mooney, 144 Vt. 561, 566 (1984) (affirming denial of motion for reconsideration where party could have, with due diligence, discovered evidence prior to entry of final judgment, and explaining that Rule 60 "does not operate to afford parties a chance to relitigate matters in which there was ample time to prepare" "[n]or does it afford relief from tactical decisions which later prove to be ill advised").

Further, unlike in Poston, the Louisiana court did not actually consider or decide any issues other than dissolution of the marriage. It granted wife's motion to dismiss the Louisiana action on the ground that husband "was served and subjected himself to the jurisdiction of the Vermont Superior Court." This case is therefore unlike Grant v. Grant, 136 Vt. 9, the case relied upon by husband. In Grant, we considered whether a Vermont court could award alimony where the parties were divorced in the Virgin Islands and both parties had appeared personally in the Virgin Islands proceeding. The Virgin Islands court did not award alimony but stated in its decree that the issue of alimony would be subject to determination upon motion. Because the Virgin Islands court had the power to adjudicate alimony and considered that issue, we concluded that its decree was res judicata as to the issue of alimony and could not be considered by the Vermont court. Id. at 13-14. Here, by contrast, the Louisiana court never addressed property division or spousal maintenance at all, instead ceding jurisdiction to the ongoing proceeding in the Vermont court. We are unpersuaded that res judicata should apply under these circumstances.

Husband does not claim that the Vermont court lacked personal jurisdiction over him. Since it had jurisdiction over both parties, it could award spousal maintenance. See Poston, 160 Vt. at 7 (holding Vermont court could award wife spousal maintenance because although Texas court granted divorce, only Vermont had jurisdiction to adjudicate ancillary issues).

Husband next argues that the court's monthly maintenance award exceeds the amount of his monthly federal and state disability benefits that is lawfully available to satisfy a maintenance obligation. He first cites Mansell v. Mansell, 490 U.S. 581, 583 (1989), for the proposition that state courts may not "treat as property divisible upon divorce military retirement pay waived by the retiree in order to receive veterans' disability benefits." It is unclear from the record before us whether husband's veterans' disability benefits are being paid in lieu of retirement benefits. Assuming they are, Mansell does not require reversal because the family court here did not divide husband's military pay as part of the property settlement; it only considered the benefits in relation to spousal maintenance. It is well-settled that the family court can consider income from veterans' disability benefits for the purpose of calculating spousal maintenance. See Repash v. Repash, 148 Vt. 70, 74 (1987) (holding Uniform Services Former Spouses' Protection Act, 10 U.S.C. § 1408, did not preclude trial court from considering veterans' disability benefits in awarding spousal maintenance).

Husband further argues that his SSDI benefits are partly exempt from garnishment or attachment under federal law and therefore only 55% of his SSDI benefits should be considered as available for purposes of spousal maintenance. However, whether such payments may be considered in making a garnishment order is a distinct issue from whether such payments may be considered in making a spousal award. Cf. Cote v. Cote, 2011 VT 92, ¶ 20, 190 Vt. 283 ("Whether veterans' disability payments may be considered when making a spousal award is, under Congress's statutory scheme, simply a different question from whether such payments may be considered in making a garnishment order."). The court was not faced with a request for garnishment and had no reason to consider the garnishment statutes cited by husband. Similarly, husband's argument that 24 V.S.A. § 5066 exempts his Vermont Municipal Employee Retirement System benefits from attachment does not support reversal of the court's award because the statute does not prohibit the family court from considering such benefits as income for purposes of awarding spousal maintenance.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice

4